UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| RICHARD FELMLEE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0803-CVE-TLW |
| | ) | |
| STATE OF OKLAHOMA DEFENDANT'S | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are the following motions: Defendants State [of] Oklahoma, Oklahoma Bureau of Narcotics and Dangerous Drugs, Director of the Attorney General's Office,[1] Oklahoma Attorney General's Office, Darrell Weaver, Jan Preslar, Melton Edminsten, Sandra LaVenue and Tracie [sic] McKedy's[2] Motion to Dismiss and Brief in Support (Dkt. # 12); plaintiff's Motion for Reconsideration of Decision in Plaintiff's Richard Felmlee's Favor Do [sic] to Defendants Not Responding to Motion in 21 Days as Required by Law (Dkt. # 17); plaintiff's Motion to Include Oklahoma Bureau of Narcotics and Dangerous Drugs Employee Larry Carter (Dkt. # 18); plaintiff's Motion for Additional Time of 90 days (Dkt. # 22); plaintiff's Motion for a More Definite Statement (Dkt. # 25); and plaintiff's Motion to add Shannon Tarpley to Defendants List (Dkt. # 26). The

---

[1] Defendants assume that plaintiff intended to name the Oklahoma Attorney General as a party by referring to the "Director of the Oklahoma Attorney General's Office." The Court finds that this is a reasonable assumption and will refer to this party as the Oklahoma Attorney General.

[2] The documents submitted by defendants identify this defendant as "Tracy McKedy," and the Court will rely on the documents for the proper identification of this defendant. See Dkt. # 12-1, at 3.

Court has converted defendants' motion to dismiss into a motion for summary judgment, and the parties have been given an opportunity to submit additional evidence and arguments. Dkt. # 20.

**I.**

Richard Felmlee is a physician licensed to practice in Oklahoma, and he previously had a license from the Oklahoma Bureau of Narcotics and Dangerous Drugs (OBN) to prescribe controlled substances to his patients. In Oklahoma, every person who distributes, dispenses, or prescribes any controlled dangerous substance must be registered with OBN and registrations are issued on the first day of November each year. OKLA. STAT. tit. 63, § 2-302. Dr. Felmlee allowed his license to lapse by failing to renew his registration by October 31, 2008. Dkt. # 12-1, at 4. On September 24, 2012, Dr. Felmlee submitted an application for late renewal of his registration, and he included a check for $840 with his late registration. Id.; Dkt. # 23-1. This included the $420 renewal fee and a $420 late charge. The OBN determined that it was necessary to hold an administrative hearing before renewing Dr. Felmlee's registration, and a hearing was set for December 18, 2012. A notice of hearing and order to show cause was sent to Dr. Felmlee by certified mail on December 10, 2012. Dkt. # 12-1, at 3.

Dr. Felmlee appeared at the hearing and he was not represented by an attorney. Id. Tracy McKedy, registration officer, represented OBN at the hearing. Id. The hearing officer, Janis Preslar, made the following findings of fact:

1. Prior to October 31, 2008, Dr. Felmlee was a Bureau registrant with registration number 15988.

2

2. Dr. Felmlee's registration expired October 31, 2008, for failure to renew, and was subsequently inactivated pursuant to Bureau rules.[3]

3. Dr. Felmlee has not had an active Bureau registration since 2008.

4. On September 24, 2012, Dr. Felmlee submitted an application for late renewal with a check in the amount of $840.00, which included the renewal fee of $420.00 and a late fee of $420.00.

5. Dr. Felmlee admitted writing the prescription to L. Masters, dated January 4, 2012, for Lortab 7.5 mg (Exhibit 6).

6. Dr. Felmlee also admitted writing the prescription to L. Masters dated October 13, 2012, for Percoset 10 mg (Exhibit 6). This prescription was written after Dr. Felmlee knew he did not have a valid Bureau registration and after he had submitted his renewal application, with late fee, to the Bureau.

7. There was not clear and convincing evidence presented to show Dr. Felmlee wrote the remaining prescriptions included in Exhibit 6.

Id. at 4. Preslar found that Dr. Felmlee violated OKLA. STAT. tit. 63, §§ 2-302 and 2-304 by signing two prescriptions without having an active registration with OBN, but Preslar recommended that Dr. Felmlee's registration be renewed if he paid a $2,500 administrative penalty. Id. at 5. Preslar's findings and conclusions were adopted by OBN Director R. Darrell Weaver. Id. at 1-2. Dr. Felmlee paid the $2,500 administrative penalty and his registration to prescribe controlled substances was renewed.[4] Dkt. # 23-2, at 1.

---

[3] Plaintiff repeatedly argues that Oklahoma statutes do not require him to renew his registration. However, in the Oklahoma Administrative Code, OBN requires that a registrant shall be required to renew his or her registration before the first day of November each year. OKLA. ADMIN. CODE § 475:10-1-9 (2014).

[4] Plaintiff makes contradictory allegations about the status of his OBN registration, and in his complaint he repeatedly alleges that his registration has been denied. The undisputed evidence shows that plaintiff paid the administrative penalty and that his registration has been renewed.

On March 1, 2013, Dr. Felmlee appealed OBN's decision to the Oklahoma Supreme Court and the court clerk sent a letter to Dr. Felmlee suggesting that he may have filed the case in the wrong court. Dkt. # 17-1, at 21. The Oklahoma Supreme Court sua sponte dismissed Dr. Felmlee's appeal for lack of subject matter jurisdiction. He requested an explanation of the dismissal and he attempted to argue the merits of his case to the Oklahoma Supreme Court, and he was again advised that his appeal had been dismissed for lack of subject matter jurisdiction because the case had been filed in the wrong court. Id. at 28-30. Dr. Felmlee filed a motion for rehearing before the Oklahoma Supreme Court. Dkt. # 17-2, at 1-11. His motion for rehearing was denied, and it does not appear that he attempted to refile his appeal of OBN's final order in the proper state court.

On December 18, 2013, Dr. Felmlee filed this case alleging that his application to renew his registration with OBN was wrongfully denied. Dkt. # 1, at 2. Dr. Felmlee's complaint does not mention the renewal of his registration after he filed his late application for renewal nor does he mention the administrative hearing and administrative penalty. Construing his pro se complaint broadly, he appears to be alleging the following claims: (1) violation of the Uniform Controlled Dangerous Substances Act, as codified at OKLA. STAT. tit. 63, § 2-101 et seq.; (2) violation of the federal Controlled Substances Act, 21 U.S.C. § 801 et seq.; (3) wrongful denial of registration under OKLA. STAT. tit. 63, § 2-303; and (4) violation of the Model State Administrative Procedures Act as codified at OKLA. STAT. tit. 75, § 250 et seq. Based on Dr. Felmlee's complaint, it is also reasonable to construe his allegations as claims that his right to procedural due process was violated and that defendants violated the federal Administrative Procedures Act, although these are not expressly listed as claims. Dr. Felmlee seeks money damages in excess of $10,000 and prejudgment interest. Id. at 4.

4

**II.**

Defendants have filed a motion to dismiss (Dkt. # 12), and the motion was converted into a motion for summary judgment. Dkt. # 20. Plaintiff has filed numerous motions. He requests leave to join additional parties (Dkt. ## 18, 26) and for a more definite statement (Dkt. # 25). He asks the Court to reconsider its prior order denying his motion for default judgment. Dkt. # 17. He also asks for additional time to conduct discovery before the Court rules on the pending motion for summary judgment. Dkt. # 22. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

**A.**

Plaintiff asks the Court to reconsider its prior order (Dkt. # 15) denying his motion for default judgment. Dkt. # 17. He argues that defendants failed to answer the complaint within 21 days of service, and he claims that defendants are in default.[5] As stated in the previous order, defendants filed a motion to dismiss and they are not required to file an answer until the Court rules on the motion to dismiss. Dkt. # 15. Defendants are not in default, and plaintiff's request for reconsideration of the order denying his motion for default judgment is denied.

**B.**

Plaintiff has filed a motion for more definite statement (Dkt. # 25) asking the Court and defendants to use "common sense and plain language for a non-lawyer to understand." Dkt. # 25,

---

[5] Plaintiff's motion (Dkt. # 17) also contains many arguments unrelated to this issue and much of the motion is devoted to the merits of his claims. The Court will consider these arguments and the evidence attached to this motion in ruling on the pending motion for summary judgment.

at 1. Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A defendant may request a more definite statement when the plaintiff's complaint is prejudicially vague and ambiguous and the defendant is unable to answer the complaint without additional information. Poindexter v. Atchison, Topeka & Santa Fe Railway Co., 168 F.3d 1228, 1233 (10th Cir. 1999). A motion for more definite statement should also be granted when the plaintiff's complaint fails to state information that would be necessary for the defendant to file a dispositive motion and the movant's existing knowledge would not allow it to file the motion. Casanova v. Ulibarri, 595 F.3d 1120, 1125 (10th Cir. 2010). Plaintiff asks the Court to explain its prior orders and defendants' motions in "different language so a non-legal party may better appreciate" his obligations. Dkt. # 25, at 2. Although plaintiff is proceeding pro se and the Court must broadly construe his filings, his pro se status does not excuse him from complying with the Federal Rules of Civil Procedure and he is subject to the same rules as other litigants. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). The purpose of a motion for more definite statement is not to explain orders or pleadings to a party but, instead, a more definite statement is required only when the opposing party's pleading is so vague and ambiguous that no responsive pleading can be filed. Plaintiff's request does not fall within the scope of Rule 12(e) and his motion for a more definite statement should be denied.

## C.

Plaintiff has filed motions requesting leave to add Larry Carter and Shannon Tarpley as defendants. Dkt. ## 18, 26. Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written

6

consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v. Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999).

The Court finds that plaintiff's request to add parties should be denied, because he has not shown that his claims against Carter and Tarpley would survive a motion to dismiss.[6] As will be explained, plaintiff cannot proceed against employees of OBN based on their actions in connection with his administrative hearing and he has not shown that his right to procedural due process was violated. See infra. This case was filed in federal court based on federal question jurisdiction and all federal law claims will be resolved in favor of defendants. See infra. To the extent that plaintiff alleges state law claims against Carter and Tarpley, the Court finds no basis to exercise supplemental jurisdiction over plaintiff's state law claims and those claims will be dismissed without prejudice. See infra. It would be futile to allow plaintiff to file an amended complaint when there is no possibility that the claims against the new parties would survive a motion to dismiss or a motion for summary judgment, and his motions (Dkt. ## 18, 26) to add parties should be denied.

---

[6] The Court notes that defendants have not answered the complaint and plaintiff could have amended his complaint as a matter of right. Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368, 370 (10th Cir. 1989) (motion to dismiss does not constitute a responsive pleading for the purpose of Rule 15(a)). However, plaintiff has requested leave to amend and the Court will consider whether his proposed amendments would state a claim against the defendants he seeks to add.

**D.**

Plaintiff requests additional time to conduct written discovery, take depositions, and subpoena evidence in support of his claims before the Court rules on defendants' motion for summary judgment. Dkt. # 22. He claims that he needs 90 days to conduct "evaluations" before he can file a response to defendants' motion for summary judgment and provide additional evidence in support of his claims. Id. at 2.

Construing plaintiff's filing broadly, he could be seeking relief under Fed. R. Civ. P. 56(d). Under Rule 56(d), a party opposing a motion for summary judgment may request additional time to conduct discovery if it "cannot present facts essential to justify its opposition." The Court has discretion when considering such a request, and the Court may deny the request for additional time, deny the motion for summary judgment, or order a continuance to allow limited discovery. Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1264 (10th Cir. 1984). The party seeking additional time to conduct discovery must "present an affidavit that identifies 'the probable facts not available and what steps have been taken to obtain these facts. The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact.'" FDIC v. Arciero, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006)).

Plaintiff has not identified any of the specific facts or issues for which he needs additional discovery and he has not made any attempt to show that additional discovery will be likely to rebut defendants' argument that there are no genuine issues of material fact precluding summary judgment. Plaintiff repeatedly states that he is a non-lawyer and the Court has taken this into account. However, this does not excuse plaintiff from identifying the specific and essential facts

about which he needs additional discovery or what steps he has already taken to obtain evidence in support of his claims. Plaintiff filed a response (Dkt. # 16) to defendant's motion before it was converted into a motion for summary judgment, and it appears that he primarily contests whether his right to procedural due process was violated during the hearing before OBN. The Court has reviewed the parties' filings and it does not appear that there are any facts in dispute. Instead, plaintiff claims that he was statutorily entitled to additional procedures that he did not receive. It is not likely that additional discovery would be of any benefit to plaintiff, and the Court can resolve the legal issues raised by plaintiff based on the record before the Court. Plaintiff's motion for additional time to conduct discovery (Dkt. # 22) should be denied.

**E.**

Defendants argue that plaintiff has not alleged a federal law claim that can survive a motion to dismiss or a motion for summary judgment, and they ask the Court to decline to exercise supplemental jurisdiction over plaintiff's state law claims. Dkt. # 12. Plaintiff responds that OBN violated the federal Administrative Procedures Act (APA) and it failed to provide him all of the rights available to a litigant in a civil jury trial, and this resulted in a violation of his right to procedural due process.[7] Dkt. # 16, at 1. He argues that the individual defendants acted outside the scope of their employment, and he claims that he should be permitted to sue the individual defendants in their official and individual capacities. Id. at 4. He also claims that defendants violated his rights under the federal Controlled Substances Act.[8] Dkt. # 1, at 3.

---

[7] To the extent that plaintiff is alleging a constitutional violation, the Court will consider plaintiff's procedural due process claim as a claim under 42 U.S.C. § 1983.

[8] The Court also notes that it has reviewed all of plaintiff's filings and the Court can discern no other federal claims that plaintiff could be alleging.

9

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

**Federal Administrative Procedures Act**

Plaintiff argues that defendants committed numerous violations of the APA, and it appears that he is relying on this argument in two ways. First, he could be attempting to state a claim under the APA. Second, he argues that the alleged violations of the APA are also relevant to show that he did not receive constitutional procedural due process. Plaintiff believes that the APA "applies to all agencies and not just Federal Agencies." Dkt. # 16, at 1. Plaintiff is mistaken. The APA expressly states that it provides judicial review of "agency action" and "'agency' means each authority of the Government of the United States . . . ." 5 U.S.C. § 702. The APA does not give federal courts the power to review the actions of state agencies. Hunter v. Underwood, 362 F.3d 468, 477 (8th Cir. 2004); Southwest Williamson County Community Ass'n, Inc. v. Slater, 173 F.3d 1033, 1035 (6th Cir. 1999).[9] Should plaintiff be alleging a claim under the APA, defendants are entitled to summary judgment on that claim. However, the Court will consider plaintiff's allegations that OBN failed to provide certain procedures allegedly required under the APA, because it is possible that the alleged procedural errors could also be used to establish that plaintiff did not receive minimal due process as required by the Due Process Clause of the Fourteenth Amendment.

**Federal Controlled Substances Act**

Plaintiff alleges that defendants violated his rights under federal Controlled Substances Act by failing to follow procedures mandated by federal law for denying an application to register under 21 U.S.C. § 823. However, there is no private right of action under the Controlled Substances Act.

---

[9] Oklahoma has adopted the Model State Administrative Procedures Act and it is codified at OKLA. STAT. tit. 75, § 250 et seq. In particular, judicial review is ordinarily appropriate only in the "court of the county in which the party seeking review resides . . . ." OKLA. STAT. tit. 75, § 318.

Jones v. Hobbs, 745 F. Supp. 886 (E.D. Ark. 2010); McCallister v. Purdue Pharm. L.P., 164 F. Supp. 2d 783 (S.D.W.Va. 2001). Even if plaintiff could bring a claim under the Controlled Substances Act, he has not sued parties that have any responsibility for the enforcement of federal laws. The statute clearly states that the United States Attorney General, not state agencies, are responsible for issuing, revoking, or suspending a federal controlled substances registration, and the named defendants had no power to take any action concerning plaintiff's federal registration to prescribe controlled substances. See MacKay v. Drug Enforcement Admin., 664 F.3d 808 (10th Cir. 2011). Summary judgment should be granted in favor of defendants on this claim.

**Procedural Due Process**

Defendants argue that plaintiff cannot maintain a § 1983 claim against them. The State of Oklahoma, OBN, and the Oklahoma Attorney General's Office argue that a state or state agency is not a "person" for the purpose of a § 1983 claim. The individual defendants assert that plaintiff cannot proceed with an official capacity § 1983 claim against them, because such claims are treated as claims against the state and plaintiff may not recover money damages from the state treasury. As to the individual capacity claims, the individual defendants argue that they are absolutely immune from suit for actions taken to investigate and prosecute an administrative action.

Pursuant to the Eleventh Amendment, unconsenting states are immune from suit in federal court as to claims for money damages. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Although Congress may enact laws that abrogate state sovereign immunity, the Supreme Court has specifically held that § 1983 does not abrogate a state's sovereign immunity. Trujillo v. Williams, 465 F.3d 1210, 1224 (10th Cir. 2006). To state a claim under § 1983, plaintiff must show that a "person" acted to deprive him of his constitutional rights. See 42 U.S.C. § 1983. However, "[n]either the

12

state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989); Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995). Thus, a suit against a state official in his or her official capacity is not a suit against the individual, but rather against the state. Id. at 71. Plaintiff plainly cannot sue the state of Oklahoma or its agencies directly for alleged violations of his right to procedural due process, because the state is not a "person" under § 1983. OBN is an agency of the state of Oklahoma, and it may not be sued under § 1983. McKinley v. Wall, 2011 WL 767314 (W.D. Okla. Jan. 27, 2011). To the extent that plaintiff attempts to sue the individual defendants in their official capacities, the individual defendants are also immune from suit under the Eleventh Amendment, because the evidence shows that they were acting in their capacity as employees of OBN. Plaintiff cannot proceed with an official capacity § 1983 claim against any of the defendants.

The individual defendants argue that they have absolute immunity from suit, because they were performing "duties in investigating, drawing up and prosecuting state court or administrative actions." The Tenth Circuit has found that "officials in administrative hearings can claim the absolute immunity that flows to judicial officers if they are acting in a quasi-judicial fashion." Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006). This is a fact-intensive analysis and the Court must consider the role of each defendant separately. The individual defendants have not undertaken an analysis of the role of each defendant in the administrative hearing, and the Court will not make this argument on behalf of defendants. It is possible that some of the individual defendants do possess absolute immunity, but the Court cannot simply find that the individual defendants as a group have absolute immunity from plaintiff's § 1983 claim. The Court will deny the individual

13

defendants' argument without prejudice and the Court will consider the merits of plaintiff's procedural due process claim.

Plaintiff argues that the individual defendants violated his right to procedural due process by failing to give him the full range of procedural rights available to a civil litigant before and during his administrative hearing. Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. A person alleging the denial of procedural due process must prove two elements: (1) "that he possessed a constitutionally protected liberty or property 'interest such that the due process protections were applicable;'" and (2) "that he was not 'afforded an appropriate level of process.'" Couture v. Board of Educ. of Albuquerque Public Schools, 535 F.3d 1243, 1256 (10th Cir. 2008). Property interests are not derived directly from the Constitution, but they "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Zwygart v. Board of County Commissioners of Jefferson County, Kansas, 483 F.3d 1086, 1093 (10th Cir. 2007). A license to practice one's chosen profession is a protected property interest. Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1150 (10th Cir. 2001). Although a controlled substances registration with the OBN is not strictly an occupational license, it is unlikely that a physician could practice his chosen profession without such a registration and the Court will assume that plaintiff has a protected property interest in maintaining his OBN registration.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Lawrence v. Reed, 406 F.3d 1224, 1233 (10th Cir. 2005). To determine how much process is due, a court must consider three factors: "(1) the private interests

that will be affected by the official action; (2) the risk of erroneous deprivation; and (3) the burden on the government from additional procedural requirements." Couture, 535 F.3d at 1258. Due process is a flexible concept that "calls for such procedural protections as the particular situation demands," and a hearing "need not necessarily provide all, or even most, of the protections afforded by a trial." Guttman v. Khalsa, 669 F.3d 1101, 1114 (10th Cir. 2012). In most cases, the Due Process Clause requires "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." Riggins v. Goodman, 572 F.3d 1101, 1108 (10th Cir. 2009). Pre-deprivation process may be omitted in "extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." Elwell v. Byers, 699 F.3d 1208, 1217 (10th Cir. 2012). When matters of public health or safety are concerned, state actors may be required to act quickly and due process requires only a postdeprivation opportunity to challenge the state action. Camuglia v. The City of Albuquerque, 448 F.3d 1214, 1221 (10th Cir. 2006).

There is no dispute that plaintiff was given an administrative hearing on his request to renew his OBN registration, and that he was given notice of the hearing. Plaintiff primarily argues that he did not receive all of the rights as a civil litigant prosecuting a claim in court, such as the right to conduct discovery and the right to a jury trial. Dkt. # 16, at 2. However, minimal due process under the Fourteenth Amendment "does not require a trial-type hearing in every conceivable case of governmental impairment of private interest." See Cafeteria & Rest. Workers Union, Local 473, AFL-CIO v. McElroy, 367 U.S. 886, 894 (1961). The findings and conclusions entered by Preslar provide strong evidence that plaintiff received a fair hearing before an unbiased tribunal, because Preslar expressly stated that she did not find sufficient evidence to support some of OBN's

15

allegations that plaintiff wrote prescriptions with an expired registration. Dkt. # 12-1, at 4. This shows that the hearing officer was not biased against plaintiff and that OBN was held to its burden of proof. Plaintiff's filings show that the hearing was lengthy, and according to his allegations the hearing lasted at least five and a half hours. Dkt. # 21, at 4. He does not contend that he was prohibited from making arguments or presenting evidence on his own behalf. Plaintiff complains that he was not permitted to conduct discovery or subpoena evidence as permitted under the Federal Rules of Civil Procedure, but courts have consistently held that minimal due process does not include a right to conduct discovery. United States v. Neal, 512 F.3d 427, 432-33 (7th Cir. 2008); Alexander v. Pathfinder, Inc., 189 F.3d 735, 741 (8th Cir. 1999). Plaintiff could be arguing that he did not receive a jury trial and that this was a required procedure under the circumstances, but he has not attempted to show that he had a right to a jury trial under the Seventh Amendment in an administrative setting. Plaintiff could also be arguing that he did not receive certain procedural protections provided by the state or federal administrative procedures acts, but this by itself would not establish a violation of plaintiff's right to procedural due process. The Court has reviewed the evidence and plaintiff's allegations in his pro se filings, and finds that plaintiff received notice and a meaningful opportunity to be heard by OBN when his registration was renewed. Plaintiff has the burden to establish that a constitutional violation occurred and he has not met his burden. See Abeyta ex rel. Martinez v. Chama Valley Independant Sch. Dist., No. 19, 77 F.3d 1253 (10th Cir 1996) (the plaintiff in a § 1983 action has the burden to come forward with evidence establishing that his constitutional rights were violated and to show that a specific state actor committed the violation). Each of the defendants is entitled to summary judgment on plaintiff's procedural due process claim.

**IV.**

The Court has granted summary judgment to defendants on plaintiff's federal law claims, but he has also alleged claims arising under Oklahoma law. Under 28 U.S.C. § 1367(c), a federal district court may decline supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction." The Court recognizes that it has discretion to retain jurisdiction over a pendent state law claim in some circumstances. United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). However, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Id. at 726; see also United States v. Botefuhr, 309 F.3d 1263, 1273-74 (10th Cir. 2002) ("a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial"). The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims, and the state law claims should be dismissed without prejudice to refiling.

**IT IS THEREFORE ORDERED** that Defendants State [of] Oklahoma, Oklahoma Bureau of Narcotics and Dangerous Drugs, Director of the Attorney General's Office, Oklahoma Attorney General's Office, Darrell Weaver, Jan Preslar, Melton Edminsten, Sandra LaVenue and Tracie [sic] McKedy's Motion to Dismiss and Brief in Support (Dkt. # 12) is **granted in part** as to plaintiff's federal law claims. The Court declines to consider the merits of plaintiff's state law claims and those claims are **dismissed without prejudice for lack of jurisdiction**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reconsideration of Decision in Plaintiff's Richard Felmlee's Favor Do [sic] to Defendants Not Responding to Motion in 21 Days

as Required by Law (Dkt. # 17), plaintiff's Motion to Include Oklahoma Bureau of Narcotics and Dangerous Drugs Employee Larry Carter (Dkt. # 18), plaintiff's Motion for Additional Time of 90 days (Dkt. # 22); plaintiff's Motion for a More Definite Statement (Dkt. # 25), and plaintiff's Motion to add Shannon Tarpley to Defendants List (Dkt. # 26) are **denied**.

    **DATED** this 15th day of September, 2014.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE