UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| RICHARD FELMLEE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 13-CV-0803-CVE-TLW |
|  | ) |  |
| STATE OF OKLAHOMA DEFENDANT'S et al., | ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion for Rehearing (Dkt. # 30) and plaintiff's supplement to his motion (Dkt. # 31). On September 15, 2014, the Court entered judgment in favor of defendants on plaintiff's federal law claims, and plaintiff's state law claims were dismissed without prejudice. Dkt. ## 28, 29. Plaintiff Richard Felmlee asks the Court to reconsider its decision and he claims that defendants committed numerous violations of Oklahoma law. Dkt. # 30, at 5-7. He also argues that he should have been given an opportunity to conduct discovery in support of his claims and he asserts that defendant Oklahoma Bureau of Narcotics and Dangerous Drugs (OBN) did not fully comply with the federal Administrative Procedures Act, 5 U.S.C. § 701 et seq. (APA), at his administrative hearing when his license to write prescriptions for narcotics was reinstated. Id. at 1-3. Defendants have not responded to plaintiff's motion.

Plaintiff is a physician licensed to practice medicine in Oklahoma, and he possessed a license from OBN to write prescriptions for narcotics. Dkt. # 28, at 1. Plaintiff allowed his narcotics license to lapse, and he applied for renewal of his narcotics license about four years after it had lapsed. Id. OBN held an administrative hearing on plaintiff's request for renewal of his narcotics

license, and the hearing officer recommended that the license be renewed. Id. at 2-3. However, plaintiff had written at least two prescriptions when he did not have a narcotics license, and the hearing officer recommended that plaintiff pay a fine of $2,500 in order to renew his license. Id. at 3. OBN adopted the findings of the hearing officer. Id. Plaintiff paid the fine and his narcotics license was renewed. Id. However, plaintiff believed that he did not receive a fair hearing and he filed a lawsuit in state court. The state court lawsuit was dismissed for lack of jurisdiction and, on December 18, 2013, plaintiff filed this case and he was not represented by an attorney.

Construing his pro se complaint broadly, the Court determined that plaintiff was alleging the following claims: (1) violation of the Uniform Controlled Dangerous Substances Act, as codified at OKLA. STAT. tit. 63, § 2-101 et seq.; (2) violation of the federal Controlled Substances Act, 21 U.S.C. § 801 et seq.; (3) wrongful denial of registration under OKLA. STAT. tit. 63, § 2-303; and (4) violation of the Model State Administrative Procedures Act as codified at OKLA. STAT. tit. 75, § 250 et seq. Defendants filed a motion to dismiss (Dkt. # 12) and the Court converted defendants' motion into a motion for summary judgment. Dkt. # 20. Plaintiff also filed motions to add parties (Dkt. ## 18, 26), a motion for additional time to conduct discovery (Dkt. # 22), and a motion for more definite statement (Dkt. # 25). The Court determined that plaintiff was alleging a federal procedural due process claim in addition to the claims expressly alleged in the complaint, and the Court considered whether plaintiff received procedural due process at his administrative hearing. Dkt. # 28, at 4. The Court entered judgment in favor of defendants on plaintiff's federal law claims and dismissed plaintiff's state law claims for lack of jurisdiction. Dkt. ## 28, 29.

Plaintiff asks the Court to reconsider its ruling on defendants' motion for summary judgment. Under Rule 59(e), a party may ask a district court to reconsider a summary judgment ruling when

the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

In his motion to reconsider, plaintiff reasserts the same arguments that were previously considered and rejected by the Court. He argues that he should have been given additional time to conduct discovery in support of his claims. Dkt. # 30, at 1-3. In his previous motion (Dkt. # 22), plaintiff failed to specify what discovery he believed was relevant, and the Court found that he had not met his burden under Fed. R. Civ. P. 56(d). Dkt. # 28, at 8. Plaintiff has still not identified any specific facts in dispute or what discovery he would have conducted, and the Court does not find that the denial of plaintiff's motion under Rule 56(d) should be reconsidered. Plaintiff claims that defendants violated numerous Oklahoma statutes and that there were "so many errors committed by the State of Oklahoma in this case it Shocks the Mental Consciousness." Dkt. # 30, at 8. However, the Court dismissed plaintiff's state law claims without prejudice to refiling, and the Court did not

reach the merits of plaintiff's state law claims. Dkt. # 28, at 17. The Court did consider the alleged state law violations to the extent they were relevant to plaintiff's procedural due process claim. Id. at 16. Plaintiff may seek to refile his state law claims in the appropriate state court, but the alleged violations of state law were previously considered by the Court and the alleged violations did not affect the Court's ruling on plaintiff's federal law claims. Plaintiff argues that defendants violated his rights under the APA. Dkt. # 30, at 4, 11-12. As the Court explained in its prior opinion and order, the APA does not apply to state agencies such as OBN and plaintiff must seek relief under the state administrative procedures act. Dkt. # 28, at 11. Plaintiff also provides a list of persons or entities that the Court should contact to gather additional information about his claims. Dkt. # 31. On a motion for summary judgment, the Court's review is limited to the evidence submitted by the parties and the Court may not consider evidence outside of the summary judgment record, and plaintiff's request for the Court to supplement the record with additional evidence is denied. The Court can discern no further arguments in plaintiff's pro se motion to reconsider or his supplement, and plaintiff's motion (Dkt. # 30) should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Rehearing (Dkt. # 30) is **denied**.

**DATED** this 3rd day of November, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE